UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DELVIN HARVEY                                                                                          PLAINTIFF

VERSUS                                                              CIVIL ACTION NO. 5:24-cv-94-DCB-ASH

PIKE COUNTY, MS                                                                                      DEFENDANT

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This cause is before the Court sua sponte. Pro se Plaintiff Delvin Harvey was an inmate at the Pike County Jail in Magnolia, Mississippi, when he filed the instant Complaint under 42 U.S.C. § 1983 on September 20, 2024. Having reviewed the record, the Court finds that because Plaintiff has failed to comply with the Orders of this Court this civil action should be dismissed.

On February 20, 2025, the Court entered an Order [6] in this action. That Order [6] directed pro se Plaintiff Delvin Harvey to file a response and state whether he is currently incarcerated. Plaintiff was directed to provide the required information by March 5, 2025, and he has failed to do so. *See* Order [6] at 1–2. He was warned that failure to comply or failure to notify the Court of a change of address could result in the dismissal of this civil action. *Id*. at 2. Plaintiff failed to comply.

When Plaintiff failed to comply, an Order to Cause [7] was entered on March 24, 2025. That Order [7] directed Plaintiff to respond and comply by April 9, 2025. Plaintiff was once again warned that failure to comply or advise the Court of a change of address could result in the dismissal of the instant civil action. Order [7] at 2. Again, Plaintiff failed to comply

Since Plaintiff is proceeding *pro se,* he was provided one final opportunity to comply with the Court's Orders before the dismissal of this case. On April 21, 2025, the Court entered

a Second and Final Order to Show Cause, directing Plaintiff to show cause by May 6, 2025, why this case should not be dismissed for failure to obey the Court's prior orders. Second and Final Order to Show Cause [8] at 2. The Second and Final Order to Show Cause specifically warned Plaintiff that his "failure to timely comply with this Order . . . will result in this cause being dismissed without prejudice and without further notice to the Plaintiff." *Id*. (emphasis in the original). That Second and Final Order to Show Cause also warned Plaintiff that this was his "final opportunity to comply with the Order [6] entered by the Court on February 20, 2025, and Order to Show Cause [7] entered by the Court on March 24, 2025." *Id*. (emphasis in the original).

Plaintiff has not contacted this Court since he filed his Change of Address [5] on November 8, 2024. Petitioner has failed to comply with three Court Orders [6] [7] [8] and the envelopes containing these Orders have not been returned as undeliverable by the postal service. The Court warned Plaintiff that failure to comply with the Court's Orders would lead to the dismissal of this case. *See* Second and Final Order to Show Cause [8] at 2; Order to Show Cause [7] at 2; Order [6] at 2; Notice of Assignment [1-2] at 1. It is apparent from Plaintiff's failure to comply with the Court's Orders that he lacks interest in pursuing this case.

The Court has the authority to dismiss an action for a Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31.

Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629-30.

As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile.  *Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005) (citation omitted).  Dismissal without prejudice is warranted.  Accordingly, it is

ORDERED AND ADJUDGED that, this civil action is dismissed without prejudice for failure to obey the Court's Orders and to prosecute.  A separate judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED AND ADJUDGED, this the  21st  day of May, 2025.

s/David Bramlette<br>
UNITED STATES DISTRICT JUDGE